**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **WILLIAM PIERCEY, JR.,** )  | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 3:25-cv-00320** |
| ) | **Judge Trauger** |
| **GUY HARRIS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff William Piercey, Jr., an inmate in custody at the Sumner County Jail, filed a pro se civil rights Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed in forma pauperis (IFP). (Doc. No. 2.) The plaintiff also filed a Motion for Appointment of Counsel. (Doc. No. 5.)

This case is before the court for ruling on the plaintiff's IFP application and Motion, and for initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. PAUPER STATUS

Subject to certain statutory requirements, *see* 28 U.S.C. § 1915(a)(1)–(2), (g), a prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the $405 civil filing fee. Because the plaintiff's IFP application complies with the applicable statutory requirements and demonstrates that he lacks the funds to pay the entire filing fee, that application (Doc. No. 2) is **GRANTED**.

Nevertheless, prisoners bringing civil lawsuits are "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Where the prisoner proceeds IFP, the fee is $350 instead of $405, *see id.* § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023), and

may be paid in installments over time via an assessment against his inmate trust account. *Id.* § 1915(b)(1)–(2).

Accordingly, the plaintiff is **ASSESSED** a $350 filing fee. The fee will be collected in installments as described below.

The warden of the facility in which the plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the warden of the facility in which the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim

2

upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A viable claim is stated under 42 U.S.C. § 1983 if the Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City*, *supra*.

**B. Analysis**

The Complaint claims that the plaintiff's car was stopped "for a light law" violation by a Gallatin police officer on August 3, 2024; that four other Gallatin police officers were called as backup; and that the plaintiff was then arrested and all five officers conducted an unlawful search of his car. (Doc. No. 1 at 7.) As a result, the plaintiff alleges that he was incarcerated, that he lost his job, and that his property was illegally seized. (*Id.*) He claims that this illegal search and seizure

violated his Fourth Amendment rights, and he asks the court to award him compensatory damages. (*Id.* at 6, 7.)

Liberally construed, the Complaint claims a false arrest (and an illegal search incident to the false arrest) in violation of the plaintiff's Fourth Amendment rights. The existence of probable cause to arrest is the "decisive" question for a Fourth Amendment false arrest claim. *Weser v. Goodson*, 965 F.3d 507, 513 (6th Cir. 2020). However, where the claim for damages concerns an arrest that has resulted in a criminal conviction, it is prone to the bar of *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, "a Section 1983 suit is not cognizable if it would 'necessarily' invalidate the plaintiff's conviction or sentence, unless the plaintiff can show the conviction or sentence had been set aside." *Sanders v. Detroit Police Dep't*, 490 F. App'x 771, 773 (6th Cir. 2012) (quoting *Heck*, 512 U.S. at 487). Thus, if the plaintiff was convicted in state court, and a favorable ruling in this federal case would necessarily invalidate his conviction, "*Heck* will require dismissal." *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Edwards v. Balisok*, 520 U.S. 641, 649 (1997)).

The court takes judicial notice of the Sumner County Online Court Records System, which shows that the plaintiff pled guilty to a charge of "evading arrest risk of death or injury – vehicle involved," based on conduct that occurred on August 3, 2024, while other charges (including "light law – motor vehicle") based on conduct occurring that same day were dismissed. According to these records, the plaintiff's guilty plea was entered on March 31, 2025, eleven days after he filed this lawsuit. *See* https://sumner.tncrtinfo.com/crCaseForm.aspx?id=C9C71D3D-6E62-4A04-9C85-770953A4CB7D&dsid=34d8dd1f (last visited Mar. 6, 2026).[1] The court has not found any

---

[1] The court may take judicial notice of adjudicative facts at any stage of the proceedings, Fed. R. Evid. 201, including facts contained in "public records and government documents available from reliable sources on the Internet," *ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 747 (M.D. Tenn. 2021) (quoting *Roane Cnty., Tennessee v. Jacobs Eng'g Grp., Inc.*, No. 3:19-CV-206-TAV-HBG, 2020 WL 2025613, at *3 (E.D. Tenn.

4

record of the plaintiff seeking to withdraw his plea or otherwise challenging his conviction on direct review in state court, or on collateral review in state or federal court. It thus appears that the plaintiff's claim to damages resulting from his allegedly unlawful arrest and search on August 3, 2024 would, if successful, necessarily invalidate an extant conviction. The rule of *Heck* prohibits pursuit of such a claim.

### III. CONCLUSION AND INSTRUCTIONS TO PLAINTIFF

Within **30 DAYS** of this order's entry on the docket, the plaintiff must **SHOW CAUSE** why this case should not be dismissed under the rule of *Heck v. Humphrey*.[2] Any filing in response to this order must be designated for Case No. 3:25-cv-00320 and must be delivered to the Clerk of Court, U.S. District Court, Middle District of Tennessee, 719 Church Street, Ste. 1300, Nashville, TN 37203.

The plaintiff is warned that the court will dismiss this action if he does not comply with the instruction to show cause. The plaintiff is also warned that failure to keep the court informed of his current address at all times may result in dismissal of this action. Fed. R. Civ. P. 41(b); Local Rule 41.01(b).

---

Apr. 27, 2020), and facts concerning "proceedings in other courts of record." *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999).

[2] *See*, *e.g.*, *Ocasio v. Turner*, 19 F. Supp. 3d 841, 852 (N.D. Ind. 2014) ("[A] Fourth Amendment false arrest claim is not automatically *Heck*-barred by a subsequent conviction for the same offense, but, in those cases in which the grounds for the conviction flow from the same facts underlying the allegations of false arrest, the claim is barred."); *see also El v. City of Livonia*, No. 17-13190, 2018 WL 4223500, at *5 (E.D. Mich. Aug. 28, 2018) (applying *Heck* bar because "El's conviction necessarily implies that probable cause was sustained at multiple stages of the state court proceedings[,] [t]hose proceedings resulted in a final judgment against El[,] [and] El has not asserted that the state court conviction was somehow invalid . . . [or] subject to appeal"); *Hutson v. Felder*, No. CIV.A. 5:07-183-JMH, 2008 WL 4186893, at *3 (E.D. Ky. Sept. 10, 2008) ("Even where probable cause does not exist on the offense for which the plaintiff was arrested, *Heck* bars the claim so long as probable cause exists for arrest on a closely-related charge. The existence of probable cause will bar a Section 1983 claim even where the arrest was prompted by malice or other improper motives.") (citations omitted).

With the case in this posture, the plaintiff's Motion for Appointment of Counsel (Doc. No. 5) is **DENIED** without prejudice as premature.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge

6